**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MONTA JEAN TAYLOR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case Number CIV-05-49-C |
| | ) |
| WARREN BOBBY MILLER, individually, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion in Limine filed by Defendant Warren Bobby Miller (Miller). Plaintiffs Monta Jean Taylor and Frank Wayne Hulnick (Plaintiffs) filed a response; accordingly, the motion is ripe for disposition. The Court, upon consideration of the applicable law and the litigants' submissions, now **DENIES IN PART** Miller's motion and reserves the remaining portion until trial.

**DISCUSSION**[*]

**I.  Evidence Pertaining to Intoxilyzer, Breathalyser, or Blood Tests.**

Miller moves the Court to prohibit Plaintiffs from asking questions pertaining to whether or not Plaintiffs were given intoxilyzer, breathalyser, or blood tests after their arrests for public intoxication. Miller argues that testimony on this subject is irrelevant, potentially prejudicial, would confuse the jury, and that there is no authority under 47 Okla. Stat. §§ 751-754 for giving Plaintiffs the aforementioned tests for the charge of public

---

[*] The numbering within the instant Order corresponds with the numbering within Miller's motion.

intoxication. The Court disagrees with Miller. The evidence is peripherally relevant—it may go toward Miller's credibility. The evidence is also not overly prejudicial so as to require its exclusion. Miller's motion regarding this issue is denied.

## II.     Testimony Pertaining to Why Chief of Police Rick Gibson Resigned.

Miller seeks to prohibit Plaintiffs from questioning Chief Rick Gibson as to why he resigned from the City of Yale police department. Plaintiffs were unable to inquire into this issue as Chief Gibson resigned subsequent to his deposition. Plaintiffs believe the reason underlying Chief Gibson's departure concerns his character and propensity for truthfulness. Miller notified the Court that he procured information on this issue via privileged communications. Accordingly, the Court's disposition of this issue is reserved until trial.

## III.    Limiting the Testimony of Plaintiffs' Treating Physicians.

Miller argues that the testimony of Plaintiffs' treating physicians should be limited to only their impressions and opinions at the time of their rendering treatment, as Plaintiffs did not provide expert reports. Miller's argument fails, as a treating physician is not required to supply an expert report. Fed. R. Civ. P. 26(a)(2); see also 1993 advisory committee's note ("A treating physician . . . can be . . . called to testify at trial without any requirement for a written report."). Miller's motion on this issue is denied.

**IV.     Evidence of the Non-prosecution of Plaintiffs' Citations.**

Miller argues that any testimony of the District Court of Payne County, Oklahoma, dismissing the citations issued to Plaintiffs is irrelevant and should be excluded. The Court is not persuaded. The record fails to indicate the basis upon which Plaintiffs' citations were dismissed. The disputed testimony is relevant as the possibility exists that a lack of probable cause was the reason for dismissing the citations. There will be no undue delay or waste of time as the Court presumes that Plaintiffs will limit their testimony on this issue to a single question. In addition, at Miller's request, the Court will consider a limiting instruction to the jury that the testimony presented is not determinative of the existence of probable cause or any other issue the jury must decide. For these reasons, Miller's motion regarding this issue is denied.

**V.      The Testimony of Dr. Joe Haines.**

Miller seeks to exclude as hearsay any statements or reports made by Dr. Joe Haines, one of Plaintiffs' treating physicians, as he is out of the country and will not appear at trial. Miller fails to give detail as to the contested statements or reports. Nonetheless, Dr. Haines' statements made for medical diagnosis, treatment, or describing Plaintiffs' medical history are admissible regardless of Dr. Haines' availability. Fed. R. Evid. 803(4). In addition, Dr. Haines' records pertaining to Plaintiffs are admissible under Fed. R. Evid. 803(6) so long as Plaintiffs lay the proper foundation enunciated therein. See Fed. R. Evid. 803(6); Higgins v. Martin Marietta Corp., 752 F.2d 492, 497 (10th Cir. 1985) (holding admissible under Fed. R. Evid. 803(6) a letter found in the plaintiff's medical records) ("In dealing with Rule

803(6), discretion lies in favor of admission."). Miller's motion on this issue is reserved until trial. If Plaintiffs can establish the foundation, as discussed above, the evidence will be admitted.

**VI.   Admission of the City of Yale's Code, Charter, and Policies.**

Miller contends that the City of Yale's code, charter, and policies are irrelevant as the City of Yale is no longer part of this action. As a general rule, violations of police procedure do not supply the necessary foundation upon which to ground a wrongful arrest or excessive force claim under 42 U.S.C. § 1983. Tanberg v. Sholtis, 401 F.3d 1151, 1163-64 (10th Cir. 2005). Here, Plaintiffs fail to give any detail on what portions of the City of Yale's code, charter, or policies they seek to introduce. Defendants also fail to explain why the code, charter, or policies are irrelevant, such as by demonstrating that the City of Yale's policies or code merely duplicate the federal standards for excessive force and wrongful arrest. Id. at 1164. Accordingly, the admission of this evidence will be determined at trial.

**VII.   Questioning Whether Miller Complied with the City of Yale's Policies.**

Miller argues that Plaintiffs should not be allowed to ask questions about whether he complied with the City of Yale's policies. For the same reasons enunciated in § VI, this portion of Miller's motion is reserved until trial.

**VIII. Questioning Miller about Inconsistencies in His Written Statements.**

Miller lastly objects to Plaintiffs asking him why certain facts were not included in his initial police narrative report but were later included in his interrogatory responses. Miller argues that this type of questioning is not proper impeachment under Fed. R. Evid. 611 unless Plaintiffs first ask about prior inconsistent statements in the narrative report. Miller also argues that Plaintiffs' questioning on this subject would result in a waste of time, and lead to jury confusion. The Court does not agree, as Miller's arguments are not supported by the facts or the law. United States v. Vaughn, 370 F.3d 1049, 1053 n.2 (10th Cir. 2004); see Fed. R. Evid. 613. Miller's motion on this issue is denied.

## CONCLUSION

Miller's Motion in Limine [Dkt. No. 55] is **DENIED IN PART** with all remaining portions reserved until trial as delineated more fully herein.

IT IS SO ORDERED this 14th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge