# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONTA JEAN TAYLOR and FRANK WAYNE HULNICK, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case Number CIV-05-49-C ) |
| WARREN BOBBY MILLER, individually, RICK GIBSON, individually, and CITY OF YALE, a political subdivision of the State of Oklahoma, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Now before the Court is a Joint Motion to Vacate and Withdraw.* The litigants move the Court to vacate the judgment entered against Defendant Warren Bobby Miller on February 22, 2006, along with two cost awards entered by the Clerk of the Court on the ground that the litigants have reached a settlement agreement which resolved all pending matters before the Court as well as the Tenth Circuit Court of Appeals.  (Notice, Dkt. No. 114; Joint Mot., Dkt. No. 115.)  Requests for vacatur are adjudicated under Fed. R. Civ. P. 60(b).  Amoco Oil Co. v. United States Envtl. Prot. Agency, 231 F.3d 694, 697 (10th Cir. 2000).

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437,

---

* The Court previously gave the background of the case in its order dated February 1, 2006. (Dkt. No. 45.)

1440 (10th Cir. 1990).  Here, the litigants fail to set forth any argument of fact or law for the proper application of any of the five subsections contained in Rule 60(b).  As the litigants have not fully framed, developed, and supported a reasoned argument with legal authority, the Court cannot grant the relief sought.  See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court [i]s not obligated to comb the record in order to make [a party's] arguments for him."); Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that a litigant must support an argument with legal authority); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1547 (10th Cir. 1995) (declining to consider issues not adequately briefed).

In addition, the record before the Court militates against granting the vacatur motion.  The litigants' post-judgment mutual settlement of all pending matters effectively mooted the case.  However, "mootness by reason of settlement does not justify vacatur of a judgment" except in very limited and special circumstances.  U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (2000); see Amoco Oil Co., 231 F.3d at 698 (holding that district court did not abuse its discretion in denying vacatur motion due to mootness caused by mutual settlement).  Here, the litigants have not demonstrated the existence of exceptional equitable circumstances entitling them to the "extraordinary remedy of vacatur."  U.S. Bancorp Mortgage Co., 513 U.S. at 26.  For reasons delineated above, the litigants' Joint Motion to Vacate and Withdraw [Dkt. No. 115] is **DENIED**.

IT IS SO ORDERED this 24th day of July, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge