## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MONTA JEAN TAYLOR and <br> (2) FRANK WAYNE HULNIK, <br><br> Plaintiffs, <br><br> v. <br><br> (1) WARREN BOBBY MILLER, individually; <br> (2) RICK GIBSON, individually; and <br> (3) CITY OF YALE, a political subdivision of the State of Oklahoma, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. CIV-05-49-C |

### MEMORANDUM OPINION AND ORDER

On February 22, 2006, following a jury trial and verdict, the Court entered judgment against, inter alia, Defendant Miller (Dkt. No. 86). The terms of the judgment specified a $10,000 actual or nominal damage amount as well as $5000 punitive damages. (Id.) On April 13, 2006, taxation of costs was entered by the Clerk of the Court against Defendant Miller in the amount of $2,070.90 (Dkt. No. 107) and against Plaintiff Taylor in the amount of $3,079.95 (Dkt. No. 108). The Court denied Defendant Miller's comprehensive motion for new trial, motion to alter or amend the judgment, motion for remittitur, renewed motion for judgment as a matter of law, and motion for relief from judgment. (Dkt. No. 109.)

Defendant Miller, who is the Chief of Police of the City of Yale, then filed an appeal with the Tenth Circuit from both the judgment against him and the denial of his motion. (See Dkt. Nos. 110-113.) Additionally, Defendant Miller filed notice with the Court that on May 18, 2006, all parties who had remained in the case during trial reached a post-trial settlement

agreement in this case and they planned to dismiss their appeal. (Dkt. No. 114.) On June 14, 2006, the parties filed a joint motion to vacate and withdraw the judgment against Defendant Miller and the taxation of costs (Dkt. No. 115), which the Court denied (Mem. Op., Dkt. No. 116). The parties filed an amended joint motion (Am. Mot., Dkt. No. 117) again requesting that the Court vacate and withdraw the judgment and cost awards. In response to the Court's order (Dkt. No. 118) that the parties address the Court's jurisdiction over the motion, the parties sought and obtained dismissal of their appeal from the Tenth Circuit. (Dkt. Nos. 120, 121.) Accordingly, the matter is again at issue.

## II. DISCUSSION

The factual history of this case is laid out in the Court's order of February 1, 2006 (Dkt. No. 45), and need not be recounted in detail here. The Court denied the parties' first request to vacate because the parties failed to present any argument or legal authority to support their request. (See Mem. Op. at 2.)

In their amended motion, however, the parties set forth several arguments regarding why the Court should vacate and withdraw pursuant to Fed. R. Civ. P. 60(b).[*] First, they contended that Defendant Miller's then-pending appeal to the Tenth Circuit rendered this

---

[*] In the alternative, the parties submit their motion as one moving the Court to reconsider its order of July 24, 2006 (Dkt. No. 116), which denied the parties' first motion to vacate and withdraw. (Am. Mot. at 1 n.1.) The Federal Rules do not recognize a "motion to reconsider," so the Court instead treats it as either a Rule 59(e) or Rule 60(b) motion. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The parties' motion was not filed until October 12, 2006, well after the ten-day time limit for a Rule 59(e) motion had passed for an order dated July 24, 2006 . Therefore, the parties' motion must be construed as a Rule 60(b) motion and will be granted for the reasons outlined herein.

case not yet moot and the Court's judgment in this case not yet final.  Because the parties' appeal has now been dismissed by the Tenth Circuit (see Dkt. No. 121), their mootness theory is now itself moot, and the Court need not address any argument that its earlier order was not a final judgment.

In assessing the parties' claim, the Court is guided by Fed. R. Civ. P. 60(b), which provides the grounds upon which the Court can grant a party relief from judgment.  Federal Rule 60(b) balances "the desire to preserve the finality of judgments" against the constant requirement "that justice be done in light of *all* the facts."  Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotation marks omitted).  As previously noted by the Court, "'[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'"  (Mem. Op. at 1-2 (quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990))); see also Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("[Rule 60(b)] should be construed in order to do substantial justice . . . .").  Because both parties are seeking equitable relief, they together bear the burden of showing that absent vacatur, extreme hardship will result.  Griffin, 722 F.2d at 680; Kowall v. United States, 53 F.R.D. 211, 216 (W.D. Mich. 1971) (placing the burden "upon the moving party to persuade the court that justice requires an exercise of remedial discretion [o]n its behalf").

Because the parties set forth none of the grounds specified in Rule 60 (b)(1)-(5) for relief – e.g., mistake, newly discovered evidence, fraud – the Court must examine the parties' request under Rule 60(b)(6), which reads in relevant part:

3

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Rule 60(b)(6) gives the Court the power to vacate a judgment "whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 614-15 (1949); Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., 837 F.2d 423, 426 (10th Cir. 1988) ("A motion to vacate judgment under Rule 60(b) is left almost entirely up to the discretion of the trial court.").

The parties have set forth several equitable arguments demonstrating that both the public interest and their personal welfare justify vacatur in this case. In regard to the public interest, Plaintiffs rightly note that "the law favors settlement of disputes." (Am. Mot. at 3.) See Am. Home Assurance Co. v. Cessna Aircraft Co., 551 F.2d 804, 808 (10th Cir. 1977). Plaintiffs also assert that the punitive damages judgment against Defendant Miller in an excessive force case could be harmful to his law enforcement career. Defendant Miller had anticipated giving up his right to appeal because the parties' settlement agreement provided for vacatur. (Am. Mot. at 2-3.)

The parties' voluntary and mutual settlement is a preferred mechanism for resolving their dispute and obviates the need for a judgment to lie against Defendant Miller or for either of the parties to have costs taxed. Moreover, the parties' request is eminently understandable in regard to Defendant Miller's law enforcement career. Because both parties

are satisfied with the terms of their settlement agreement, granting the vacatur request would provide them with a just resolution of their dispute without affecting any outside entities. Equitable considerations weigh heavily in favor of accepting the parties' settlement; thus, vacatur is the appropriate action in this case. "[A] Rule 60(b) motion should be liberally construed," Greenwood Explorations, Ltd., 837 F.2d at 426, because the Rule's provisions grant the Court a "grand reservoir of equitable power to do justice." Thompson v. Kerr-McGee Ref. Corp., 660 F.2d 1380, 1385 (10th Cir. 1981); cf. Murray v. Cars Collision Ctr. of Colo., LLC, No. 04-cv-01456-EWN-CBS, 2007 WL 433124, at *8 (D. Colo. Feb. 2, 2007) (granting the defendant vacatur under Rule 60(b)(6) in a case where credibility was a central issue and the plaintiff failed to divulge evidence speaking directly to his own honesty, because allowing the judgment to stand would "offend[] justice" and be "unequivocally inequitable").

### III. CONCLUSION

For the reasons outlined more fully herein, the parties' amended joint motion (Dkt. No. 117) for relief from judgment and costs is GRANTED. The Court's judgment against Defendant Miller is VACATED (Dkt. No. 86). The cost awards entered April 13, 2006 (Dkt. Nos. 107, 108), are likewise VACATED.

IT IS SO ORDERED this 26th day of March, 2007.

ROBIN J. CAUTHRON
United States District Judge